BOLIN, Judge.
By this concursus proceeding Chevron Oil Company seeks to determine the ownership of funds derived from the production of oil and gas. The only question for decision is the ownership of the bed of a road in Tensas Parish and the minerals thereunder. By a former decree of this court (226 So.2d 774) we reversed the decision of the lower court and held there had been a statutory dedication of the road which vested fee title thereto in the public. The State of Louisiana was decreed to be the owner of the road bed, with the exception of that portion designated as tract 61, and the royalties allocable thereto were ordered paid to the State. The case was remanded to the lower court for the restricted purpose of allowing introduction of any evidence to determine whether a portion of the road (tract 61) belonged to the Parish or to the State. Defendants applied for writs to the Supreme Court, which were refused with the statement: “The judgment of the Court of Appeal is correct.” 254 La. 849, 227 So.2d 593 (1969). This leaves for determination only the question of the correctness of the lower court’s decision following the remand.
Upon remand, Tensas Parish making no voluntary appearance, the trial judge signed an order making it a party to the concursus proceedings. By appropriate pleadings the State caused the Parish, through the president of the Police Jury, to be cited and ordered it to responsively plead to the State’s demand in order to litigate the cause contradictorily with the Parish. Chevron accepted service of these pleadings.
No claim having been made on behalf of the Parish, counsel for the State filed a written motion for a preliminary default. The preliminary default was entered and a written notice of same was served on the Parish through the president of the Police Jury. Approximately one month later, the State attempted to confirm the default. The minutes reflect that on the latter occasion, counsel for Chevron Oil Company, the State of Louisiana and the District Attorney for Tensas Parish were present. Counsel for the State offered into evidence all previous proceedings in the suit. The court took the case under advisement and twelve days later rendered judgment refusing to confirm the default. From this judgment the State of Louisiana appeals. Chevron and the State have filed briefs before this court seeking to reverse the lower court and to have the State of Louisiana declared the owner of tract 61. Tensas Parish has neither appealed, answered the appeal nor filed a brief in this court.
For the reasons stated in our original opinion, we find title to the property designated as tract 61 became vested in a public body by statutory dedication. Following remand, counsel for the State and Chevron have afforded the Parish every conceivable chance to claim any interest in the property. In spite of these efforts, the only public *382 body now asserting- any claim to the property is the State. We, therefore, find the State of Louisiana owns that portion of the bed of the public road designated as tract 61.
For the reasons assigned the judgment of the lower court refusing to confirm the default is annulled and set aside and
It is ordered, adjudged and decreed that there be judgment herein decreeing that the State of Louisiana is the owner of that portion of the improved highway described as tract 61 in plaintiff’s petition, said highway being shown on the plat of the Ravens-wood and Consuelo Plantations of O. M. Fowler, dated May and June, 1926, and recorded on September 23, 1926, in Notarial Record “U” at pages 405, 406 and 407 of the records of Tensas Parish, Louisiana, and,
It is further ordered, adjudged and decreed that the Register of the State Land Office is entitled to the one-eighth royalty interest attributable to said tract 61, and it is ordered that the Clerk of the Sixth Judicial District Court in and for the Parish of Tensas pay into the Register of the State Land Office of the State of Louisiana all money heretofore deposited in the registry of the court and any sums deposited in the future, attributable to plaintiff’s royalty interest in tract 61.
It is further ordered, adjudged and decreed that costs of these proceedings be deducted from the sums deposited in the Registry of the Court.